**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **vs.** | : | **5:04CV334 (DF)** |
| | : | |
| **LAMAR G. FIELDS,** | : | |
| | : | |
| **Respondent.** | : | |

**O R D E R**

Currently before the Court is a Motion for Contempt filed by Petitioner United States of America (tab 11) requesting that the Court fine Respondent Lamar G. Fields in an amount of $100 per day to compel his compliance with a summons issued by the Internal Revenue Service ("IRS").

**I.     FACTS**

The IRS is in the process of conducting an investigation into Respondent's tax liability for the years 1999, 2000, 2001, 2002, and 2003.  However, Respondent is in possession of certain documents and records relevant to the investigation.  In order to secure those items, IRS Revenue Officer Charleen McCollough issued a summons on June 15, 2004, to Respondent pursuant to 26 U.S.C.A. § 7602.  The summons required Respondent to personally appear before Officer McCollough and to bring with him any documentation pertinent to the investigation.  Respondent met with Officer McCollough at the appointed time, but failed to bring any of the requested items.

The United States filed in this Court a petition to enforce the IRS summons on October 6, 2004 (tab 1).  The Court entered a show-cause order on December 3, 2004, requiring Respondent to appear in court to explain his failure to comply with the summons. The Court held a hearing on January 31, 2005, at which time Respondent was unable to offer any reason for not producing the requested documents and records.  The following day, February 1, the Court entered an order directing Respondent to "produc[e] all of the books, documents, records, papers, testimony, information, and any other data relevant to the IRS investigation described in the instant Petition to Enforce Summons."  Order of February 1, 2005, tab 10.  Respondent was ordered to comply with the summons by March 2, 2005, or face being found in contempt of court.

On April 13, 2005, Petitioner filed the instant Motion for Contempt, in which it was disclosed that Respondent has not produced any of the requested items to date.  Counsel for Petitioner mailed Respondent a certified letter on March 23, 2005, reminding him of his obligations under the Court's order of February 1, 2005.  Respondent did not respond to this letter in any manner.  Petitioner now asks the Court to exercise its inherent civil contempt powers to compel Respondent's compliance.  Petitioner asks that a fine of $100 per day be imposed on Respondent for every day that he remains in violation of the February 1 order of the Court.

## II.     DISCUSSION

A district court may hold a party in civil contempt for failing to comply with a validly issued order.  A civil contempt order is appropriate when proof of a party's contempt is clear and convincing.  *See **McGregor v. Chierico***, 206 F.3d 1378, 1383 (11th Cir. 2000).

This level of proof requires a showing "'that 1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order.'" *Id.* (quoting *Jordan v. Wilson*, 851 F.2d 1290, 1292 (11th Cir. 1988)).

This Court's order directing Respondent to comply with the IRS summons was valid and lawful.  The IRS has current reason to believe that Respondent owes back taxes.  In issuing a summons to Respondent, the agency acted pursuant to its statutory authority.  Respondent has not challenged the validity of the summons itself.  Therefore, the summons was properly enforceable by order of this Court.

The order was definite and unambiguous.  It required Respondent, in no uncertain terms, to comply with the IRS summons by March 2, 2005, or risk being found in contempt of court.  Respondent has failed to do so, even after the IRS officer supervising the investigation sent him a certified letter reminding him of the court-imposed deadline.

At the show-cause hearing, Respondent offered no reason for his noncompliance.  He did not dispute the IRS's assessment of his tax situation.  He advised the Court that since the death of his wife he has been nearly incapable of performing simple tasks, such as paying his bills.  While the Court is certainly sympathetic to Repsondent's loss, he has given the Court no reason to find that he could not comply with the original summons or that he is presently unable to comply with the Court's order enforcing the same.

When fashioning a civil contempt remedy courts are afforded wide discretion.  *See McGregor v. Chierico*, 206 F.3d 1378, 1385 n.5 (11th Cir. 2000).  "The sanctions may serve to either (1) coerce the contemnor to comply with a court order, or (2) compensate

3

a party for losses suffered as a result of the contemnor's act." *Id.*  The daily fine contemplated here is for purely coercive purposes and is in no way compensatory.

With respect to court-ordered enforcement of IRS summonses, the Eleventh Circuit has held that: "Once a trial court enforces an IRS summons, an individual who does not comply with the summons is properly held in contempt unless he produces evidence showing his lack of possession or control of the information sought by the summons." *United States v. McAnlis*, 721 U.S. 334, 338 (11th Cir. 1983).  In the same context—IRS enforcement proceedings—trial courts have seen fit to impose monetary sanctions for each day that the party remains in violation of the order.  *See United States v. Douglas*, 46 F.3d 1146 (9th Cir. 1995) (upholding a fine of $100 per day for each day of noncompliance); *see also United States v. Rue*, 819 F.2d 1488, 1495-96 (8th Cir. 1987) (same).

**III.    CONCLUSION**

Respondent, for the reasons outlined above, is on the brink of being held in contempt for failing to comply with the Court's order enforcing the IRS summons. However, before this contempt citation and fine take effect, Respondent shall have **7 DAYS** from the entry of this order to come into compliance with the February 1 order.  The Court expects Respondent to contact IRS Agent Ed Jones immediately.  If Respondent does not produce the documents requested and fails to demonstrate a present inability to comply with the Court's order, he will be assessed a fine of **$100 per day** for every day that he remains noncompliant, commencing on Tuesday, May 3, 2005.

4

SO ORDERED, this 21st day of April, 2005.

/s/ **Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/sew